# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 16-754V
Filed: October 18, 2017

| | |
|---|---|
| * * * * * * * * * * * * * <br> KADY ALEXIS MALLOY,            * <br>                                           * <br>        Petitioner,                 * <br>                                           * <br> v.                                           * <br>                                           * <br> SECRETARY OF HEALTH       * <br> AND HUMAN SERVICES,        * <br>                                             * <br>        Respondent.               * <br> * * * * * * * * * * * * * | Special Master Sanders <br><br> Dismissal; Insufficient Proof; Influenza ("Flu") Vaccine; Ramsay Hunt Syndrome; Palatal Myoclonus; Postherpetic Neuralgia. |

Richard Gage, Richard Gage, P.C., Cheyenne, WY, for Petitioner.
Alexis B. Babcock, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION[1]

On June 28, 2016, Kady Alexis Malloy ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program[2] ("the Program"). Petitioner alleges that the influenza ("flu") vaccination administered on October 30, 2014 resulted in the development of or significant aggravation of Ramsay Hunt syndrome (herpes zoster oticus), palatal myoclonus, and postherpetic neuralgia. *See* Petition ("Pet.") at Preamble, ECF No. 1; Order (May 5, 2017), ECF No. 24. The information in the record, however, does not show entitlement to an award under the Act.

---

[1] This decision shall be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 et seq. (hereinafter "Vaccine Act," "the Act," or "the Program"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

On October 18, 2017, Petitioner moved for a decision dismissing her claim. *See* Motion to Dismiss ("Mot."), ECF No. 35. In her Motion, Petitioner concedes that "[a]fter unsuccessful attempts to obtain a favorable expert opinion, Petitioner, through her undersigned counsel, request[s] that this Court issue a Decision dismissing this Petition." *Id.* Petitioner filed this motion without opposition from Respondent. *See* Informal Communication, docketed Oct. 18, 2017. Thus, this matter is now ripe for decision.

To receive compensation under the Program, Petitioner must prove either 1) that she suffered a "Table Injury"—i.e., an injury falling within the Vaccine Injury Table—corresponding to her vaccination, or 2) that she suffered an injury that was actually caused or significantly aggravated by a vaccine. See §§ 13(a)(1)(A), 11(c)(1). An examination of the record did not uncover any evidence that Petitioner suffered a "Table Injury." Further, the record does not contain persuasive evidence that Petitioner's alleged injuries were caused or significantly aggravated by her flu vaccination.

Under the Act, petitioners may not be given a Program award based solely on their claims alone. Rather, the petition must be supported by medical records or the opinion of a competent physician. § 13(a)(1). In this case, the medical records are insufficient to prove Petitioner's claim, and Petitioner has not filed a supportive opinion from an expert witness. Therefore, this case must be **dismissed for insufficient proof. The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master