# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: March 14, 2018

```
* * * * * * * * * * * * * *
KADY ALEXIS MALLOY,            *
                               *    No. 16-754V
         Petitioner,           *    Special Master Sanders
                               *
v.                             *    Attorneys' Fees and Costs; Hourly Rate
                               *    Not Awarded for Unidentified Individuals
SECRETARY OF HEALTH            *
AND HUMAN SERVICES,            *
                               *
         Respondent.           *
* * * * * * * * * * * * * *
```

<u>Richard Gage</u>, Richard Gage PC, Cheyenne, WY, for Petitioner.
<u>Alexis Babcock</u>, United States Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On June 28, 2016, Kady Alexis Malloy ("Petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-1 to -34 (2012). Petitioner alleged that as a result of a flu vaccine received on October 30, 2014, she suffered from Ramsay Hunt syndrome (herpes zoster oticus), palatal myoclonus, and post-herpetic neuralgia. Petition at 1, ECF No. 1. When she filed the petition, Petitioner was represented by attorney Sean F. Greenwood of The Greenwood Law Firm. *See* ECF No. 1. Mr. Greenwood represented Petitioner until September 14, 2017, when a motion to substitute attorney Richard Gage in place of Mr. Greenwood was granted. *See* ECF No. 32. On October 18, 2017, Petitioner moved for a decision dismissing her claim due to her inability to "obtain a favorable expert

---

[1] This decision shall be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended, 42 U.S.C. §§ 300aa-10 *et seq.* (2012) (hereinafter "Vaccine Act" or "the Act"). Hereinafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

1

opinion." Motion to Dismiss, ECF No. 35. The undersigned dismissed the case for insufficient proof. Decision, ECF No. 36.

On January 5, 2018, Petitioner filed an application for attorneys' fees and costs. ECF No. 44. In her motion, Petitioner requests fees and costs totaling $29,913.09, comprised of $22,059.35 for The Greenwood Law Firm and $7,853.74 for Richard Gage PC. Mot. Tab A, ECF No. 44. Respondent filed a response on January 19, 2018. ECF No. 45. In his response, Respondent indicated that "[t]o the extent the special master is treating [P]etitioner's request for attorneys' fees and costs as a motion that requires a response from [R]espondent . . . Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* at 2. Respondent recommended that the undersigned "exercise her discretion and determine a reasonable award for attorneys' fees and costs." *Id.* at 3. Petitioner did not file a reply thereafter. On January 29, 2018, the undersigned requested additional information in support of Petitioner's motion. ECF No. 46. Petitioner filed additional information on February 8, 2018 and March 14, 2018. Mot. Exs. 1-3, ECF No. 47; Mot. Ex. 4, ECF No. 48.

This matter is now ripe for consideration.

**I.     Attorneys' Fees**

The Vaccine Act permits an award of reasonable attorneys' fees. § 15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1348 (Fed. Cir. 2008). This is a two-step process. *Id.* First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347-48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521-22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991) ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008).

**a.  Hourly Rates**

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum*, 465 U.S. at 895. The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. The petitioner bears the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

The decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Court has since updated the *McCulloch* rates, and the Attorneys' Forum Hourly Rate Fee Schedules for 2015-2016, 2017, and 2018 can be accessed online.[3]

Petitioner requests attorneys' fees for both her prior and current counsel. *See* Mot. Tab A, ECF No. 44.

### i. The Greenwood Law Firm Attorney and Paralegal Hourly Rates

Petitioner requests $325 per hour for work performed by Mr. Greenwood in 2015, 2016, and 2017. Mot. Tab F at 7, ECF No. 44. Mr. Greenwood has been licensed to practice law since 1991. *Id.* He has been engaged in private practice for 25 years. *Id.* He has represented petitioners in the Vaccine Program since 2006. *Id.* The undersigned finds the requested rate for Mr. Greenwood to be reasonable and awards Petitioner the requested rate.

Petitioner requests $150 per hour for Mr. Greenwood's associate, KS. Mot. Tab F at 6, ECF No. 44. KS is a second-year attorney with six months experience assisting Mr. Greenwood with vaccine cases. *Id.* The undersigned finds the requested rate for KS to be reasonable and awards Petitioner the requested rate.

Petitioner requests $100 and $150 per hour for two other individuals at The Greenwood Law Firm, CW and SXC, respectively. *See* Mot. Ex. 1 at 12-13, ECF No. 47-1. However, Petitioner did not provide any information about either CW or SXC by which it can be determined whether those rates are reasonable. *See* Mot. Tab F, ECF No. 44. Therefore, the undersigned does not award Petitioner the requested rates for CW and SXC.

### ii. Richard Gage PC Attorney and Paralegal Hourly Rates

Petitioner requests $318 per hour for work performed by Mr. Gage in 2017 and 2018. Mot. Tab C, ECF No. 44. Mr. Gage was admitted to the bar in 1990. Mot. Ex. 3 at 1, ECF No. 47-3. Since then, his practice has focused on representing petitioners in the Vaccine Program. *Id.* The undersigned finds the requested rate for Mr. Gage to be reasonable and awards Petitioner the requested rate.

---

[3] The 2015-2016 Fee Schedule can be accessed at: http://www.uscfc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2015-2016.pdf. The 2017 Fee Schedule can be accessed at: http://www.uscfc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2017.pdf. The 2018 Fee Schedule can be accessed at: http://www.uscfc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202018.pdf. The hourly rates contained within the schedules are updated from the decision in *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests $120 per hour for Susan McNair, a paralegal at Mr. Gage's firm. Mot. Tab D at 1, ECF No. 44. Ms. McNair has an associate's degree as a paralegal. Mot. Ex. 3 at 2, ECF No. 47-3. She has worked at Richard Gage PC for nearly five years, and "has extensive experience in Vaccine Program work." *Id.* The undersigned finds the requested rate for Ms. McNair to be reasonable and awards Petitioner the requested rate.

Petitioner also requests $120 per hour for Brian Vance, another paralegal at Mr. Gage's firm. Mot. Tab D at 2, ECF No. 44. Mr. Vance has an associate's degree as a paralegal. Mot. Ex. 3 at 2, ECF No. 47-3. He has worked at Richard Gage PC for more than three years. *Id.* The undersigned finds the requested rate for Mr. Vance to be reasonable and awards Petitioner the requested rate.

### b. Hours Expended

#### i. The Greenwood Law Firm Hours

Petitioner requests compensation for 69.75 total hours entered by The Greenwood Law Firm.[4] Petitioner submitted adequate billing logs listing the date, individual, nature of each task, and time spent performing each task. Mot. Ex. 1 at 10-17, ECF No. 47-1. Based on the lack of objection from Respondent and the undersigned's review of Petitioner's motion, the undersigned finds that the hours expended by Mr. Greenwood and KS are reasonable and should be awarded in full. However, as discussed in the prior section, the itemized billing log also includes one entry for work performed by "CW" and another for work performed by "SXC." *Id.* at 12-13. The hours requested for CW and SXC are 0.1 hour at $100 per hour and 0.75 hours at $150 per hour, respectively. *Id.* Because Petitioner submitted no information about those individuals or their qualifications, Petitioner will not be awarded the fees charged for those 0.85 hours. Therefore, Petitioner's request for fees paid to The Greenwood Law Firm will be reduced by $122.50.

#### ii. Richard Gage PC Hours

Petitioner requests compensation for 32.9 total hours entered by Mr. Gage and two paralegals at Richard Gage PC. Mot. Tabs C-D, ECF No. 44. Petitioner submitted adequate billing logs listing the date, individual, nature of each task, and time spent performing each task. Mot. Tabs C, D at 1-2, ECF No. 44. Based on the lack of objection from Respondent and the undersigned's review of Petitioner's motion, the undersigned finds that the hours expended by Mr. Gage and paralegals Ms. McNair and Mr. Vance are reasonable and should be awarded in full.

---

[4] Petitioner's motion states that Mr. Greenwood and KS spent 70.55 and 20.2 hours on the case, respectively. *See* Tab F at 6, ECF No. 44. However, the itemized invoice reflects that Mr. Greenwood actually completed 47.5 hours of billed work, while KS completed 21.4 hours of billed work and 0.8 hours which are reflected as "No Charge." Mot. Ex. 1 at 10-17, ECF No. 47-1. Additionally, CW billed 0.1 hours, and SXC billed 0.75 hours. *Id.* at 12-13. Therefore, the total number of hours billed by The Greenwood Law Firm is 69.75 hours.

4

## II. Attorney's Costs

The Vaccine Act also permits an award of reasonable attorneys' costs. § 15(e). Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992).

### i. The Greenwood Law Firm Costs

Petitioner requests that $2,750.00 be paid to The Greenwood Law Firm for the fee paid to retain expert witness Dr. Michael McCabe. Mot. Tab F at 9, ECF No. 44. Petitioner filed an affidavit by Mr. Greenwood which, in part, discusses the expert fees paid to Dr. Michael McCabe. Mot. Ex. 1 at 22, ECF No. 47-1. In his affidavit, Mr. Greenwood explained that Dr. McCabe, an immunology expert and researcher, was retained to write an expert report opining on causation.[5] *Id.* However, Dr. McCabe ultimately came to the conclusion that "he would be unable to opine as to a method of causation." *Id.* Petitioner also supplied documentation of Mr. Greenwood's agreement with Robson Forensic regarding the expert services of Dr. McCabe. *Id.* at 18-19. Pursuant to the agreement, Mr. Greenwood was required to pay a non-refundable "engagement fee" of $2,750.00, paid "[t]o secure the availability of [Dr. McCabe]." *Id.* at 19. Once retained, Dr. McCabe would bill $490.00 per hour for his expert services. *Id.* at 18. The agreement provided that the engagement fee would be applied to the first invoice(s). *Id.* at 19.

An itemized statement reflects that Dr. McCabe actually performed only 4.5 hours of work on the case, which at his hourly rate of $490 amounts to $2,205.00. Mot. Ex. 1 at 1, ECF No. 47-1. The statement also reflects "[p]eer review" performed by two other individuals, each for 0.25 hours, at the rate of $390 per hour and $490 per hour, respectively. *Id.* Therefore, the total amount of the invoice, which reflects the cost of the actual work performed by the experts at Robson Forensic, is $2,425.00. *Id.* Although Dr. McCabe did not ultimately perform $2,750 worth of work on this case, the undersigned finds that it was a reasonable amount to pay to retain his services, in light of his qualifications, the work he did perform, and the lack of objection by the Respondent. Therefore, Petitioner's requested costs relating to Dr. McCabe will be paid in full.

Petitioner also requests $539.35 be paid to The Greenwood Law Firm for expenses related to retrieval of medical records and the filing fee in this case. Mot. Ex. 1 at 2-9, 17, ECF No. 47-1. These expenses are supported by documentation, and the undersigned finds that the request for $539.35 relating to medical record retrieval and the filing fee is reasonable and should be awarded in full. *Id.*

---

[5] Although Dr. McCabe's CV was not filed, he has been previously recognized as an expert in Vaccine Program cases. *See, e.g.*, *Snyder v. Sec'y of HHS*, 2009 WL 332044, at *19 (Fed. Cl. Spec. Mstr. 2009) (describing Dr. McCabe as having "impeccable qualifications" in the field of immunotoxicology); *Hazlehurst v. Sec'y of HHS*, 2009 WL 332306, at *11 (Fed. Cl. Spec. Mstr. 2009) (describing Dr. McCabe's expert qualifications).

### ii. Richard Gage PC Costs

Petitioner requests $1,941.34 be paid to Richard Gage PC for expenses related to retaining an expert witness, sending records to the expert, and producing copies.[6] Mot. Tab D at 3-7, ECF No. 44. An expert report authored by Dr. Marcel Kinsbourne was filed in this case, wherein he opined that he could find no connection between Petitioner's injuries and the vaccination that she received. Pet'r Ex. 12, ECF No. 34. Petitioner requested that the case be dismissed on the same day that Dr. Kinsbourne's report was filed. ECF No. 35. Dr. Kinsbourne charged $500 per hour. Mot. Tab D at 6. The undersigned finds that rate reasonable in light of Dr. Kinsbourne's qualifications and the lack of objection by the Respondent. Mot. Ex. 2, ECF No. 47-2. The remainder of the expenses are supported by documentation, and the undersigned finds that the request for costs is reasonable and should be awarded in full.

### III. Conclusion

Based on all of the above, the undersigned finds that Petitioner is entitled to the following award of reasonable attorneys' fees and costs:

**A. The Greenwood Law Firm**

| | |
|---|---:|
| Attorneys' Fees Requested for The Greenwood Law Firm | $18,770.00 |
| (Reduction for 0.1 hours work performed by CW) | -    $10.00 |
| (Reduction for 0.75 hours work performed by SXC) | -  $112.50 |
| **Total Attorneys' Fees Awarded** | **$18,647.50** |
| | |
| Attorney's Costs Requested for The Greenwood Law Firm | $3,289.35 |
| **Total Attorneys' Costs Awarded** | **$3,289.35** |
| | |
| **Total Attorneys' Fees and Costs Awarded to The Greenwood Law Firm** | **$21,936.85** |

**B. Richard Gage PC**

| | |
|---|---:|
| Attorneys' Fees Requested for Richard Gage PC – Attorney | $3,275.40 |
| Attorneys' Fees Requested for Richard Gage PC – Paralegals | $2,712.00 |
| **Total Attorneys' Fees Awarded** | **$5,987.40** |

---

[6] Petitioner's motion reflects that the total expenses are $1710.64 for expert-related costs and $155.70 related to copies. Mot. Tab A, ECF No. 44; Mot. Tab D at 3, 7, ECF No. 44. However, Petitioner's records reflect that there were actually $1785.64 in expert-related costs paid. Mot. Tab D at 3-6, ECF No. 44. Chambers clarified with Petitioner that all of the expenses reflected in her motion were paid, and therefore Petitioner was actually requesting $1941.34 in her motion. *See* Informal Communication, docketed Mar. 9, 2018; Mot. Ex. 4, ECF No. 48.

6

|  |  |
|---|---:|
| <u>Attorney's Costs Requested for Richard Gage PC</u> | $1,941.34 |
| **Attorneys' Costs Awarded** | **$1,941.34** |
| **Total Attorneys' Fees and Costs Awarded to Richard Gage, PC** | **<u>$7,928.74</u>** |

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), the undersigned has reviewed the billing records and costs in this case and finds that Petitioner's request for fees and costs, other than those reductions delineated above, is reasonable. Pursuant to General Order No. 9, Petitioner submitted a declaration stating that she incurred no personal expenses in pursuit of her claim. Mot. Tab E, ECF No. 44. Accordingly, the undersigned hereby awards a total of **$29,865.59**,[7] as follows:

- **The total of $21,936.85, in the form of a check made payable jointly to Petitioner and Petitioner's former counsel, Sean F. Greenwood, of The Greenwood Law Firm, for attorneys' fees and costs;**

- **The total of $7,928.74, in the form of a check made payable jointly to Petitioner and Petitioner's counsel, Richard Gage, of Richard Gage, P.C., for attorneys' fees and costs;**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[8]

**IT IS SO ORDERED.**

s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master

---

[7] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorneys against the client, "advanced costs," and fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

[8] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).